Landon, J.
The questions involved are mainly of fact. If the defendant sold the" logs to the plaintiffs and received from them the $500, upon them in good faith, fully believing that he owned and had the right to sell them, then he did not obtain *94 the money from the plaintiffs fraudulently, but under a mistake of fact, and this action, being ex delicto, would fail.
If the referee believed the version of facts given by and in behalf of the defendant, then he ought to have found for the defendant. The defendant now insists that the uncontradicted evidence entitled him to such a finding, and that it was error for the referee to refuse it.
Defendant cut the logs in question upon the land of Durant between July 1, and October 25,1881, without permission from Durant. Defendant claimed that’ one Butler gave him permission, and that he believed and was justified by the circumstances in believing that Butler had the right, by virtue of a contract between Butler and Durant, to give it. Butler did have contracts with Durant under which Butler had the right to cut logs upon Durant’s land in the years 1879 and 1880; and the defendant under Butler had during those years rightfully cut logs there.
Butler’s first contract with Durant was in writing, and was by its terms limited to 1879. His second contract, with a slight alteration in price, seems to have been an oral extension of the written contract for 1880, though it was not so expressly stated.
In the fall of 1880, defendant applied to Butler for leave to cut the spruce logs still remaining uncut upon the lot in question, and Butler told him “ he could have all the right to cut that I had,” and defendant claims that his right to cut the logs in 1881 was in good faith believed by him to continue under Butler in like manner as in 1879 and 1880.
Confidence in the defendant’s assertion that he regarded the somewhat equivocal permission given to him by Butler as sufficient authority to cut the logs in 1881, is shaken by the fact that before he commenced cutting them, he applied to Hall, the agent of Durant, for the privilege and Hall refused it. The defendant claims that his request of Hall was confined to the hemlock timber, and did not relate to the spruce winch Butler’s contract with Durant had embraced. Hall testified that defendant “ asked me if I would sell the timber, I told him I would not, Durant had forbidden my selling any in that vicinity.” Defendant is next called, and although he testifies that it was only the hemlock he spoke to Hall about, he does not deny that Hall told him that Durant had forbidden his selling any. Moreover, Hall was then posting notices .for the sale of the lots by Durant, and this defendant knew, and probably knew it was a reason why' no more timber was to be cut.
Other testimony was given. It is inferable that the referee came to the conclusion that the defendant cut the logs in spite of the refusal of permission by Hall, and that the conversation between Butler and defendant was afterwards seized upon, with intent to give it an effect that neither Butler nor defendant at the time understood or intended it to have.
*95 In a case of this kind muck must depend upon the estimate the referee gives to the candor and veracity of the witnesses. It must be admitted that the defendant, upon the printed testimony, seems to have a very plausible defence. But the referee has discredited it, and we can see that there is some reason to suspect that it was only verbally true, and not true in substance.
The claim of the defendant that Butler under Ms written and oral contract with Durant had the right to continue chopping in 1881, rests upon a construction which probably Avas not within the intention of either party to the contracts. The written limitation to 1879 in the first contract was orally extended to 1880, by the subsequent oral contract. It does not appear that Butler ever represented to defendant that his, B.’s, right to cut, extended beyond the “ lumber season ” of 1880. It was the duty of the referee to determine whether Durant gave to Butler an indefinite extension of time, and this was a matter of intention implied, if not expressed. The referee has drawn the inference from all the facts, and we see no reason to dissent from his conclusion.
Error is alleged in the admission of testimony. The referee expressly held that he did not receive what Butler said to Hall as a fact, but for the purpose of showing that what he said was subsequently communicated to the defendant. The testimony was properly received for tMs purpose, but the defendant contends that the referee evidently disregarded his OAvn ruling, and used the testimony as evidence of the fact stated by Butler, and thus committed an error. But Butler noAvhere testifies that he actually gave to defendant permission to cut the logs, — but instead, “ all the right that I had,” and the referee may have concluded that Butler sought to convey, or the defendant sought to create, a false impression by the words truthfully testified to.
The judgment must be affirmed with costs.
LEARNED, P. J. and Bockes, J., concur.